UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 02-4795

RICHARD DONNELL RUDISILL,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-48)

Submitted: May 8, 2003

Decided: June 25, 2003

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Reita P. Pendry, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard D. Rudisill appeals following his conviction and sentence for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 18 U.S.C. §§ 841, 846 (2000). Rudisill first claims that the Government failed to produce sufficient evidence of his involvement in the conspiracy. We disagree. The Government need not show an explicit agreement between the parties. Rather, the appropriate analysis is whether the parties acted with the requisite agreement, linked by their mutual interests to sustain the "overall enterprise of catering to the ultimate demands of a particular drug consumption market." *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). Viewing the evidence in the light most favorable to the Government, *see Glasser v. United States*, 315 U.S. 60, 80 (1942), we conclude the Government met its burden with regard to the existence of the conspiracy and Rudisill's involvement. *See United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996). The evidence demonstrated Rudisill was a drug dealer trafficking in both cocaine powder and crack cocaine. Several individuals testified that they purchased large quantities of cocaine from Rudisill two or three times a week and then sold the cocaine to others. The quantities were described as "wholesale" amounts. (J.A. at 195). Given this evidence, we conclude that Rudisill's conviction was supported by sufficient evidence. Accordingly, we deny relief on this claim.

Rudisill next claims that the district court erred in granting his motion to waive his right to counsel during a brief period in the middle of his lengthy trial. The decision to allow a defendant to proceed pro se once a trial has begun is reviewed for an abuse of discretion. *See United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997). A waiver of the Sixth Amendment right to counsel must be voluntary, knowing, and intelligent. *Id.* at 1095. A review of the waiver is taken from the whole of the record, and the district court is not required to follow any specific formal proceeding. *Id.* at 1097. Instead, the district court should conduct a generalized exploration of a defendant's educational background and the pitfalls of self-representation. *Id.* at 1098. However, failure to do so is not per se reversible error. *Id.* Here, the district court reviewed Rudisill's educational background,

explained the difficulty of proceeding through trial without representation, and advised him against doing so. Rudisill's temporary failure to heed this advice was not the result of an involuntary, unknowing, or unintelligent waiver. We likewise find this claim meritless.

Finally, Rudisill claims that the district court erred in its application of *U.S. Sentencing Guidelines Manual* § 3B1.1(c) (2001), applying a two point adjustment based on Rudisill's role as a manager or supervisor. We review this claim for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). The application notes to § 3B1.1 recognize that relevant factors include the degree of partipation in planning or organizing the offense, the authority exercised over others, and the nature of the defendant's participation in the commission of the offense. § 3B1.1, comment. (n.4). Evidence at trial and contained in the presentence investigation report placed Rudisill at the hub of a loosely organized narcotics distribution scheme. He purchased and sold large quantities of cocaine to a number of individuals, including two of his nephews, who referred business among one another and to Rudisill. Based on this evidence, we cannot say that the district court clearly erred in its application of § 3B1.1(c). This last claim warrants no relief.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*